IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WAYNE SIVERT,                    :
     Petitioner
                                             :

     vs.                        :    CIVIL NO. 1:CV-07-1359

                                             :
TROY WILLIAMSON, Warden
     Respondent            :


M E M O R A N D U M

On July 26, 2007, Petitioner Wayne Sivert, an inmate at United States Penitentiary-Lewisburg, filed a pro se petition pursuant to 28 U.S.C. § 2241.  (doc. 1).[1]  Sivert claims that the sentencing court violated the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. §§ 3663-3364, because it failed to set a restitution payment schedule and instead delegated the task to the Bureau of Prisons ("BOP") through its Inmate Financial Responsibility Program ("IFRP").  *Id*. at 2.  On August 7, 2007, we ordered service of the petition on the Respondent and required a response.  (doc. 5).  The response (doc. 7) argues that Sivert's petition should be converted to a petition for writ of error *coram nobis* and transferred to his sentencing court or dismissed for lack of jurisdiction.  *Id*. at 9.  Sivert agrees with Respondent's response.  (doc. 10).  We disagree with both parties and conclude that we have the authority to consider

---

[1]  We granted Sivert's application to proceed in forma pauperis on August 7, 2007.  (doc. 4).

Sivert's claim. Therefore, we will require briefing on the merits of the claim.

On August 24, 2004, Sivert was sentenced to 188 months' imprisonment after pleading guilty to one count of bank robbery in the United States District Court for the Western District of New York. (doc. 7, p. 2). On March 3, 2005, Sivert was sentenced to a concurrent term of 155 months' imprisonment after pleading guilty to two counts of bank robbery in the United States District Court for the Eastern District of Michigan. *Id*. The Michigan district court ordered a $200.00 criminal assessment as well as restitution in the amount of $215,000.00. *Id*. at 2-3. The order required immediate payment of the restitution as well as participation in the BOP's IFRP. *Id*.

In seeking to have Sivert's petition converted into a petition for writ of error *coram nobis* and either transferred or dismissed, Respondent notes that courts have held that § 2241 petitions are not the appropriate vehicle to challenge a sentencing court's restitution order. *Id*. at 5 (citing *Lara v. Smith*, No. 4:CV-04-2491 (M.D. Pa. Dec. 29, 2004) (McClure, J.); *Sepulveda v. Smith*, No. 1:CV-04-2493 (M.D. Pa. Mar. 31, 2005) (Rambo, J.) (Blewitt, M.J.)). According to Respondent, § 2241 is intended for inmates seeking immediate or future release from custody. *Id*. at 5-6. A challenge limited to the restitution portion of a sentence does not, according to Respondent,

implicate the liberty restraints of custodial confinement and is not cognizable under § 2241.  *Id*. at 6.  Instead, Respondent argues, such a claim may be brought before the prisoner's sentencing court through a petition for writ of error *coram nobis*.  *Id*. at 7-8 (discussing *Kaminski v. United States*, 339 F.3d 84 (2d Cir. 2003) and *Lara*, *supra*, at 10).

Sivert's petition challenges the execution of his sentence, not its legality.  Sivert claims that the sentencing court failed to set a payment schedule as required by the MVRA and instead delegated its authority to do so to the BOP.  (doc. 1, p. 2).  The Third Circuit has concluded that this type of claim "goes directly to execution of the sentence-namely, whether the BOP has authority to set the terms of the restitution payments . . . ."  *United States v. Walker*, 149 Fed. Appx. 55, 57 (3d Cir. 2005) (nonprecedential).  As a result, "the claim falls squarely within those properly raised in a petition for habeas corpus under § 2241."  *Id*.  *See also Galluzzi v. Jusino*, No. 01-2706, slip op. at 2-4 (3d Cir. Oct. 2, 2002) (nonprecedential); *Ridley v. Smith*, 179 Fed. Appx. 109, 110-11 (3d Cir. 2006) (nonpredential); *Lara v. Smith*, 132 Fed. Appx. 420, 421 (3d Cir. 2005) (nonprecedential) (discussing *Galluzzi*).

The cases cited by Respondent are distinguishable because the petitioners challenged the legality of the restitution order, not its execution.  In both *Lara* and

*Sepulveda*, the petitioners claimed that the sentencing court incorrectly ordered restitution pursuant to the MVRA instead of the Victim Witness Protection Act.  *Lara*, No. 4:CV-04-291, at 3; *Sepulveda*, *supra*, at 3.  Each claim challenged the validity of the restitution order rather than the execution of the order. *Lara*, 132 Fed. Appx. at 421.  As a result, the claims were not cognizable under § 2241.  *Id*.

     Having concluded that we may consider Sivert's § 2241 petition, we will allow the parties additional time to brief the merits of the claim.  An Order detailing the requirements for doing so follows.

                                                 /s/William W. Caldwell
                                                 William W. Caldwell
                                                 United States District Judge

Date: November 7, 2007

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


WAYNE SIVERT,                      :
        Petitioner
                                   :

        vs.                        :    CIVIL NO. 1:CV-07-1359

                                   :
TROY WILLIAMSON, Warden
        Respondent                 :
```

*O R D E R*

AND NOW, this 7th day of November, 2007, upon consideration of Wayne Sivert's petition pursuant to 28 U.S.C. § 2241 (doc. 1), and pursuant to the accompanying Memorandum, it is ordered that:

  1. Respondent shall file a brief in response to the claims in Sivert's § 2241 petition within fifteen (15) days of the date of this Order;

  2. Sivert may file a brief in reply to Respondent's brief within fifteen (15) days of the date of filing of the Respondent's brief.

                                        /s/William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge